FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 04 2011 ★

LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

Lisa Insinga

**Plaintiff**

-against-

ARS National Services, Inc.

**Defendant**

Docket No.

CV-11 1630

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Unlawful Debt Collection Practices

**TRIAL BY JURY DEMANDED**

**WEXLER, J.**

**BOYLE, M.**

---

Plaintiff, by her attorney Joseph Mauro, complaining of the Defendant respectfully alleges and shows to the Court as follows:

## I. INTRODUCTION

1. Plaintiff is suing the Defendant because the Defendant has engaged in a campaign of harassment against the Plaintiff in an attempt to collect an alleged debt from Plaintiff, including contacting Plaintiff's relatives; persistently causing the Plaintiff's telephone to ring; and leaving deceptive and harassing telephone messages for Plaintiff.

2. This is an action for damages brought by an individual consumer for Defendants violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices; New York General Business law; as well as for violations of common law.

3.    According to 15 U.S.C. 1692:

(a)    There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b)    Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c)     Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d)     Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e)     It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d), 28 U.S.C Section 1337 and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. Section 1367. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

5. Plaintiff, LISA INSINGA, is a citizen of the State of New York, residing in the Eastern District of New York, from whom Defendant attempted to collect a consumer debt.

6. Defendant ARS National Services, Inc. (hereinafter ARS) is a foreign corporation authorized to do business in New York State. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

7. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

8. The Defendant alleges that the Plaintiff owes a consumer debt (the debt) for a credit card ("the debt" or "the alleged debt") The alleged debt of Plaintiff is a "debt" as

defined by 15 USC 1692a in that it is a debt alleged to be owed for personal, family, or household services. The alleged debt was for the purchase of household and personal products and no part of the alleged debt was incurred for business related items or services.

## IV. FACTUAL ALLEGATIONS

9. At all times herein relevant, Plaintiff was and is a "consumer" as defined by 15 USC 1692a(3).

10. At all times herein relevant, Defendant was and is a "debt collector" as that term is defined by 15 USC 1692a(6).

11. Within one year preceding the date of the filing of the complaint in this action, Defendant placed numerous telephone calls to the Plaintiff and left numerous messages on the voice mail of the Plaintiff's. The messages left by the Defendant on the voice mail of the Plaintiff did not included the notices required by 15 USC 1692e(11). The messages left by the Defendant did not meaningfully identified the Defendant in violation of 15 USC 1692d(6).

12. The Defendants used an automated machine to leave the following prerecorded message on the Plaintiffs voice mail:

> *Hello the following is a message from ARS. It is very important that we speak to Lisa Insinga. This is not a telemarketing or sales call. Please have them call us toll free at 1866-915-7215 7215 and the reference number is 20045382. We need to be able to discuss this matter right away. Thank you. Good bye.*

13. The prerecorded message left by the Defendant on Plaintiff's voice mail did not give the notice required by 15 USC 1692e(11).

14. The prerecorded message left by the Defendant on Plaintiff's voice mail was deceptive in that the messages attempted to deceptively induce the Plaintiff into returning the call.

15. The prerecorded message left by the Defendant on the Plaintiff's voice mail did not identify the Defendant as a debt collector.

16. The prerecorded message left by the Defendant on the Plaintiff's voice mail was per se harassing in that it did it did not meaningfully identify the Defendant as required by 15 USC 1692d(6).

17. The Plaintiff listened to the prerecorded messages left by the Defendant.

18. The Defendant telephoned the Plaintiff's relatives in an attempt to put pressure on the Plaintiff to pay the alleged debt.

19. The Defendant telephoned the Plaintiff's husband's cellular phone without the authority of the Plaintiff or the Plaintiff's husband and left the following message:

> *Mr. Insinga this is Jeannete I was trying to* (inaudiable) *you, or the person's name and number that is representing you when you come back. I need to hear back from you or Lisa or the office that is representing you as soon as possible. My name is Jeannette. The company is ARS Phone number here is 866-879-1503. My extension is 1152. File number is 20045382.*

20. The message left for Plaintiff's husband did not provide the Plaintiff with the notice required by 15 USC 1692e(11) for such an indirect communication. Among other violations of the FDCPA, the message did not meaningfully identify the Defendant; and the message falsely indicated that the Plaintiff needed a legal representative.

21. The Defendant sent a written communication to the Plaintiff's sister's house without the knowledge or authority of the Plaintiff.

22. The Defendant telephoned the Plaintiff's in laws house and left a message on their answering machine.

23. The Defendant left numerous messages for the Plaintiff on the Plaintiff's answering machine without disclosing that Defendant was a debt collector and without meaningfully identifying themselves. Among other violations, the calls violated 15 USC 1692e(11); 15 USC 1692d(6); 15 USC 1692e; 15 USC 1692e(10; and 15 USC 1692e. The Defendant left the following messages on the Plaintiff's answering machine:

*--- Hello Lisa Insinga. This is Jeannette calling with ARS. Can you please call me back today. It is Saturday the 19th, 10:00am your time. My phone number is 866-879-1503 extension 1152. You are file number is 20045382. Thank you.*

*-- Hello this message is for Lisa Insinga Give me a call this is Miriam at 866-915-7215. Once again the number is 866-915-7215. Extension 2587. Thank you.*

*-- Hello this is Miriam I'm calling for Lisa Insinga. Please give me a call at 866-915-7215 at extension 2587. Once again my name is Miriam. Thank you.*

*-- Hello this message is for Lisa Insinga. Please give me a call. This is Miriam. I'm calling in regards to a file you have you have in my office. My number is 866-915-7215,   extension 2587. Please return my call so that I can communicate this information to you. Today.*

## V. CAUSES OF ACTION UNDER THE FDCPA

24. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

25. Defendant actions and omissions constitute violations of the FDCPA including but not limited to the following:

   a. Defendant violated 15 U.S.C Section 1692d

   b.. Defendant violated 15 U.S.C Section 1692d(6)

   c.. Defendant violated 15 U.S.C Section 1692e

   d.. Defendant violated 15 U.S.C Section 1692e(5)

   e. Defendant violated 15 U.S.C Section 1692e(10)

   f. Defendant violated 15 U.S.C Section 1692e(11)

g. Defendant violated 15 U.S.C Section 1692c(b)

## VI. CAUSES OF ACTION UNDER NEW YORK GENERAL BUSINESS LAW

26. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

27. Defendant's actions as detailed above violate the New York General Business Law Section 349 et seq. in that:

28. The Defendant left several phone messages for Plaintiff indicating that the Defendant had important information to disclose to the Plaintiff, while secreting their true identify, and the fact that they were a debt collector. The Defendant secreted this information in a deceptive attempt to make the Plaintiff believe that the Defendant was someone other than a debt collector.

29. Defendants regularly utilize deceptive practices as described herein in connection with the attempt to collect consumer debts, including the use of an automatic telephone dialing system, and pre-recorded/artificial messages. Defendant's actions have a broad impact on New York consumers at large, in that on information and belief, the Defendant utilizes the deceptive practices contained herein while attempting to collect debts from New York consumers.

30. The Defendant's actions violate the Plaintiff's right to privacy.

31. The Plaintiff requests that the Court issue an injunction prohibiting the Defendant from leaving messages on consumers' answering machines without disclosing their identity and without disclosing the fact that they are a debt collector.

**WHEREFORE**, Plaintiff respectfully request that judgment be entered against Defendant, for the following:

A. Actual damages pursuant to the FDCPA; GBL; ;

B. Statutory damages pursuant to the FDCPA; and GBL;

C. Nominal damages;

D. Costs and reasonable attorney's fees pursuant to the FDCPA; and GBL

E. Punitive damages pursuant the GBL;

F. Injunctive relief as described herein; and

G. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Joseph Mauro (JM: 8295)
The Law Office of Joseph Mauro, LLC
306 McCall Ave.
West Islip, NY 11795

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

_____
Joseph Mauro